Filed 1/12/23 In re J.M. CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.M., a Person Coming Under the Juvenile Court Law. | H049925 (Santa Clara County Super. Ct. No. 20JD026552) |
| SANTA CLARA COUNTY DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> J.M., <br><br> Defendant and Appellant. | |

### MEMORANDUM OPINION[1]

Appellant J.M. (Mother) appeals from the findings and order made at the Welfare and Institutions Code section 366.26[2] selection and implementation hearing that the respondent, Santa Clara County Department of Family and Children's Services (Department), conducted an adequate inquiry under the Indian Child Welfare Act (ICWA) and that ICWA did not apply as to her child, J.M. The Department and Mother jointly move for a summary reversal of the order. The parties agree that the trial court

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1. (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.)

[2] Undesignated statutory references are to the Welfare and Institutions Code unless otherwise noted.

failed to comply with ICWA, and request that we remand the matter to the trial court for the limited purpose of ensuring compliance with ICWA. We grant the motion and reverse the order pursuant to the stipulation of the parties.

In October 2020, the Department filed a dependency petition to remove J.M. from Mother's care. In its initial hearing report, the Department stated that it had interviewed J.M.'s maternal grandmother, maternal great-grandmother, and father (Father). J.M.'s grandmother reported that her family had Navajo and Apache heritage through J.M.'s maternal great-great-grandfather, who was born on an Apache reservation in Arizona, and that one of J.M.'s maternal great-great-grandmothers had Navajo heritage. J.M.'s grandmother reported that she did not have any further information. J.M.'s other maternal great-grandmother reported having no knowledge regarding Native American heritage. Father reported that, to his knowledge, he did not have Native American heritage. Finally, the Department reported that the court had made a finding that ICWA did not apply to the family in September 2005.[3] At the initial hearing, Mother's counsel reported that Mother might have additional information regarding the prior ICWA finding. It does not appear that any further ICWA inquiry was conducted between October 2020 and March 2021.

At the jurisdictional and dispositional hearing in March 2021, Father and J.M.'s maternal grandmother and grandfather testified. Father testified that, to his knowledge, he had Native American ancestry but did not know any specific tribal affiliation. J.M.'s

---

[3] The Department did not state whether this finding was in the context of a prior dependency or other proceeding, stating only that, "It should be noted that on 09/09/2005, the Court made a finding that ICWA does not apply to the family, as the Apache tribes had been noticed and they indicated that the mother is not a member of their tribe or eligible for membership. The tribes that were notified includes [sic] the Mascalero Apache, The [sic] Fort Sill Apache, The [sic] Yavapai-Apache Nation, the White Mountain Apache, the San Carlos Apache, the Jicarillo Apache Nation, the Tonto Apache, the Fort McDowell Yavapai, and the Apache Tribe of Oklahoma."

grandmother testified consistent with her prior report to the Department and J.M.'s grandfather testified that he did not have any Native American ancestry.

Following the hearing, in March 2021, the Department sent ICWA inquiries to the Apache and Navajo tribes. The Department asked Father about Native American heritage. He provided information about his parents and stated that he had no information to provide regarding his grandparents. At the continued jurisdictional and dispositional hearing later that month, the court found that the Department had conducted a diligent inquiry and there was no reason to know J.M. was an Indian child.

Between October 2021 and February 2022, the Department attempted unsuccessfully to contact J.M.'s maternal grandmother, uncle, great-aunt and great-uncle and paternal grandmother and aunt. In addition to the previously contacted relatives, the Department contacted J.M.'s paternal cousin, a maternal aunt, and the wife of one of J.M.'s maternal great-uncles. J.M.'s cousin reported having no information, but J.M.'s aunt reported that she might have Ohlone ancestry. J.M.'s great-uncle's wife reported that she "used to hear things way back in the family" regarding Native American ancestry, but she had no further information.

In February 2022, the Department filed its section 366.26 report. The Department detailed its inquiry efforts from the previous fall and reported that all but two Indian tribes had responded that J.M. was not eligible for enrollment, while the two remaining tribes had not responded. The Department also stated that, in November 2021, the juvenile court had made a finding that there was no reason to believe that J.M.'s sibling was an Indian child.[4] In March 2022, Mother informed the Department that she did not

---

[4] A separate dependency proceeding was filed on behalf of J.M.'s sibling, O.M., after O.M.'s birth in 2021. Mother separately appealed the court's ICWA findings in that dependency proceeding, which appeal is currently pending before this court. (*In re O.M.* (H049976, app. pending).)

3

have any new information pertaining to J.M.'s Indian ancestry, but that she believed there was a number on J.M.'s birth certificate that might relate to Indian ancestry.

In March 2022, the court held a selection and implementation hearing. The trial court again found that ICWA did not apply and terminated the parental rights of Mother and Father and ordered J.M. placed for adoption. Mother timely appealed the court's order. After Mother filed her opening brief, the parties jointly moved for summary reversal.

On appeal, Mother contends that the trial court's order must be reversed and the matter remanded to the trial court because the court failed to ensure compliance with ICWA. She argues that the Department's failure to do further investigation about potential Indian ancestry violated ICWA. The Department concedes that the investigation was insufficient because it failed to inquire of all available relatives, and the parties agree that the juvenile court erred when it found that ICWA did not apply because the Department had not made sufficient efforts to contact all known relatives who may have information about J.M.'s potential Indian heritage. They further agree that reversal is appropriate. To minimize delay, they jointly request that this court reverse and remand the matter pursuant to their stipulation for the limited purpose of allowing the Department to conduct a proper inquiry of all available family members pursuant to section 224.2, subdivision (b), and if warranted, conduct further inquiry pursuant to section 224.2, subdivision (e), or send notice under ICWA as appropriate. (*In re N.D.* (2020) 46 Cal.App.5th 620, 624.)

The parties' joint motion supports the conclusion that a summary reversal pursuant to stipulation is appropriate under the facts of this case and the law. (See Code Civ. Proc., § 128, subd. (a)(8).) For the reasons stated in the motion, the court finds that there is no possibility that the interests of nonparties or the public will be adversely affected by the reversal. Summary reversal of the judgment would place the parties in the same position they would be in if the appeal were successfully prosecuted to completion,

4

would save both private and judicial resources because it would obviate the need for further briefing by the parties and review of the record by this court, and most importantly would minimize delay in permanency for the child. Both public policy and the public interest are served by these outcomes.

This court further finds that the parties' grounds for requesting reversal are reasonable. While the Department conducted an extensive inquiry, it appears that the Department was unable to successfully contact certain identified relatives, such as J.M.'s maternal uncle or any of her paternal relatives other than Father and a paternal cousin. Additionally, it appears that the Department did not conduct further inquiry regarding J.M.'s potential Ohlone ancestry. Finally, the parties have also jointly moved for summary reversal of the court's ICWA findings in the dependency proceeding for J.M.'s sibling, and that appeal is currently pending before this court. The parties agree that the Department's ICWA inquiry was deficient and that the trial court erred in finding ICWA did not apply without ensuring that the Department had completed a sufficient inquiry. They also agree that if after ensuring compliance, the court again finds that ICWA does not apply, the court can reinstate the dispositional order. These grounds for jointly requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and outweigh the risk that the availability of a stipulated reversal will reduce the incentive for pretrial settlement. Public trust in the courts is enhanced, not eroded, when parties recognize and acknowledge errors and agree to resolve them with limited delay. (See *Union Bank of Cal. v. Braille Inst. of Am.* (2001) 92 Cal.App.4th 1324.)

## DISPOSITION

The March 22, 2022, order terminating parental rights is reversed pursuant to the stipulation of the parties. The matter is remanded to the trial court for the limited purpose of ensuring compliance with ICWA. If the court determines that the requirements of

ICWA have been met, the court shall reinstate the order. The remittitur shall issue forthwith.

_____
Greenwood, P. J.


WE CONCUR:




_____
Lie, J.






_____
Wilson, J.




H049925
In re J.M.; DFCS v. J.M.